IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01596-PAB-STV

MARK H. CARSON, an individual,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

## ORDER

This matter is before the Court on the United States' Motion to Dismiss Plaintiff's Amended Verified Complaint [Docket No. 29] and Plaintiff's Motion to Strike United States' Motion to Dismiss Plaintiff's Amended Verified Complaint and Memorandum of Law in Support Thereof (Dkt. 29) for Violation of Practice Standards [Docket No. 31].

In its motion to dismiss, the United States seeks to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6), arguing that the Court lacks subject matter jurisdiction over plaintiff's claims, the Court lacks personal jurisdiction over defendant, plaintiff has failed to properly serve defendant, and plaintiff fails to state a due process claim.  Docket No. 29 at 1-2.  In his motion to strike, plaintiff requests that the Court strike defendant's motion to dismiss for failure to follow the Court's Practice Standards.  Docket No. 31 at 2.

## I. BACKGROUND

On June 11, 2021, plaintiff initiated this action by filing a complaint. Docket No. 1. Plaintiff did not request a summons from the Clerk's Office in connection with his original complaint. On June 14, 2021, when the Court issued a magistrate judge consent form, the docket entry noted that no summons had been issued. *See* Docket No. 4. Defendant filed a motion to dismiss plaintiff's claims on September 22, 2021. Docket No. 12.

Plaintiff filed an amended complaint on October 13, 2021 bringing a due process claim, a claim under the Administrative Procedure Act, 5 U.S.C. §§ 100 et seq, and a claim for abatement and refund of penalties that plaintiff paid pursuant to I.R.C. § 6694(d).[1] Docket No. 23 at 17-21. On October 15, 2022, The Court denied defendant's motion to dismiss, Docket No. 12, as moot because it was directed at plaintiff's original complaint instead of the operative complaint. Docket No. 24. The Clerk of Court issued a summons to plaintiff on October 19, 2021. Docket No. 28. Plaintiff filed a certificate of service for his amended complaint on November 15, 2021. Docket No. 30. Plaintiff's certificate states that service was made on the U.S. Attorney General and the Internal Revenue Service on October 25, 2021. *Id.* at 2, ¶¶ 4, 7. The certificate states service was made upon the United States Attorney's Office on October 21, 2021. *Id.* at 3, ¶ 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of an action without prejudice based on insufficient service of process. Under Fed. R. Civ. P. 4(m), "[i]f a

---

[1] Plaintiff filed a motion to supplement his complaint, Docket No. 51, and the magistrate judge granted plaintiff's motion. Docket No. 53. Plaintiff's supplemented complaint does not add or subtract any claims. *See* Docket No. 54.

defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the delay. A court applying these rules engages in a two-part inquiry. *See Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. March 23, 2018). First, the court determines whether the plaintiff has shown good cause for his failure to timely serve the defendant. *Id.* If good cause is shown, then an extension of the time for service of process is mandatory. *See* Fed. R. Civ. P. 4(m); *see also Thunder Mountain Custom Cycles, Inc. v. Thiessen*, No. 06-cv-02527-EWN-BNB, 2008 WL 618898, at *6 (D. Colo. Mar. 5, 2008). If good cause is not shown, then the court proceeds to the second step of the analysis and determines whether a permissive extension is warranted. *See Sarnella*, 2018 WL 1444210, at *2.

"A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Id.* (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citation omitted)). A summons must be signed by the clerk and bear the court's seal. *Id.* A summons that is unsigned and lacks a seal is "incurably defective." *Cloyd v. Arthur Andersen & Co., Inc.*, 25 F.3d 1056 (Table), 1994 WL 242184, at *1 (10th Cir. 1994).

In opposing a motion to dismiss for insufficient process or insufficient service of process, "plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Props. & Const., Inc.*, No. 07-cv-00214-

3

LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).  Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

**III. ANALYSIS**

### A. Motion to Strike

Plaintiff asks that the Court to strike defendant's motion to dismiss based on defendant's asserted failure to comply with the Court's Practice Standards.  Docket No. 31 at 2 (citing Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.2.a.i.).  The Court finds that defendant has followed the Practice Standards by "clearly enumerat[ing] each element that movant contends must be alleged, but was not."  Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.2.a.i.  The motion to dismiss identifies the deficiency in plaintiff's claims for which defendant seeks dismissal.  *See* Docket No. 29 at 3-15.  Additionally, to the extent plaintiff claims defendant failed to confer, Docket No. 31 at 2-3, the Practice Standards state that a movant should confer with an opposing party on a motion to dismiss only "if the deficiency is correctable by amendment."  Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.F.2.a.  Defendant argues that amendment is not enough to cure the deficiencies in plaintiff's complaint, meaning no conferral was required.  Docket No. 29 at 5.  The Court agrees and will decline to strike defendant's motion.

### B. Motion to Dismiss

Defendant moves under Rules 12(b)(4) and 12(b)(5) that plaintiff's claims should be dismissed based on insufficient service of process.  *Id.* at 2.  Rule 4 governs service

and requires that a summons "be signed by the clerk; and [] bear the court's seal."  Fed. R. Civ. P. 4(a)(1)(F), (G).  Rule 4(i) governs service on the United States and requires that a plaintiff "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or []send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office. . . [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1).

First, defendant argues that plaintiff's case should be dismissed under Rule 12(b)(5) for failing to serve defendant in the required time.  Docket No. 29 at 4.  Defendant asserts plaintiff did not properly serve defendant within the 90 days allowed by Rule 4 because plaintiff did not effectuate service by September 9, 2021, which was 90 days after plaintiff filed his original complaint in this action.  *Id*.  Plaintiff asserts that he served the United States Attorney's Office and the IRS on July 6, 2021 and July 8, 2021, respectively, although he admits that the summons did not bear a seal or signature of the Court.  Docket No. 32 at 5.  Plaintiff does not dispute that he did not properly serve defendant with a signed summons bearing the seal of the Court until October 25, after the 90 day deadline.  Plaintiff instead claims that he "ma[d]e a good faith effort to comply with the rules and effectuate proper service" by "filing an [a]mended [c]omplaint and corrected [s]ummons."[2]  Docket No. 32 at 5.

---

[2] To the extent plaintiff argues that service was corrected by effective service of his amended complaint and that Rule 4 "do[es] not distinguish between service of a Summons with an original Complaint or when an Amended Complaint is filed," Docket No 32 at 4, the Court disagrees.  The deadline for service "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint."  *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

When service is insufficient under Rule 4, the Court first considers whether a mandatory extension of time for service is warranted. *Espinoza v. U.S.*, 52 F. 3d 838, 841 (10th Cir. 1995). The Tenth Circuit has assumed that Rule 4(i) provides an example of good cause for an extension under Rule 4(m) when a plaintiff has completed proper service for either the United States Attorney or the Attorney General of the United States within 90 days, but failed to properly serve the other, to prevent "plaintiff from the hazard of losing a substantive right because of a failure to comply with the requirements of multiple service under [Rule 4 (i)]." *Id.* at 842. Plaintiff does not argue that he had good cause for his delay in properly serving defendant, conceding the Court "ha[s] discretion to dismiss a case based on a defective summons." Docket No. 32 at 5. In an affidavit, plaintiff's lawyer states that "[t]he attorney who oversaw service of the [c]omplaint [] and [s]ummons no longer represents the [p]laintiff." Docket No. 32-1 at 1, ¶ 2. Plaintiff does not directly state that former counsel made a mistake, but even if he did, the mistake of counsel is not sufficient to demonstrate good cause. *DeSpain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *see also Sarnella*, 2018 WL 144210, at *3 (ruling "mistake of counsel or ignorance of the rules also usually" do not suffice to show good cause). Additionally, while plaintiff argues that defendant would not be prejudiced by an extension, "[t]he absence of prejudice to [] defendant[], by itself, does not equate to good cause." *DeSpain,* 13 F.3d at 1439*.* The Court finds no good cause sufficient to warrant a mandatory extension of plaintiff's deadline to serve defendant.

After determining whether good cause requires a mandatory extension of time, the Court considers whether it should grant a permissive extension of time under Rule

6

4. *Espinoza*, 52 F.3d at 841. In considering discretionary extensions, the Court must consider "if the applicable statute of limitations would bar the refiled action." *Id.* at 842 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). The statute of limitations for claims brought against the United States is six years. *See* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.") None of the events alleged in plaintiff's complaint occurred more than six years ago and neither side argues they did. *See* Docket Nos. 29 at 3-6, 32 at 4-6. The Court finds this factor weighs against a permissive extension because there is no evidence plaintiff's claims would be time barred. Next, the Court must consider "the complex nature of the requirements of Fed. R. Civ .P. 4(i), particularly when the plaintiff is proceeding pro se." *Espinoza*, 52 F.3d at 842. This consideration is based on the requirements that service be made on multiple offices under Rule 4(i). *Id.* Here plaintiff is not pro se, and plaintiff failed to serve a proper summons on any office by the 90 day deadline. The Court finds this factor does not weigh in favor of granting a permissive exception. The Court concludes that plaintiff has not demonstrated that a permissive exception is warranted. As plaintiff has not demonstrated either a mandatory or permissive extension are warranted in this case, the Court will dismiss this action pursuant to Rule 4 on the basis of defendant's motion seeking dismissal under Rule 12(b)(5).

Alternatively, defendant argues that the Court should dismiss plaintiff's claim under Rule 12(b)(4). Docket No. 29 at 6. A summons that is unsigned and lacks a seal is "incurably defective." *Cloyd*, 1994 WL 242184, at *1. Plaintiff does not argue that he served defendant with the original complaint with a signed summons bearing the court's

7

seal.  Additionally, plaintiff does not argue that there is any excuse for his failure to serve a proper summons on defendant.  The Court will dismiss plaintiff's complaint on the additional ground of Rule 12(b)(4) for a failure to effectuate proper service.  In light of dismissal for improper service, the Court will not address the defendant's alternative grounds for dismissal.[3]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Strike United States' Motion to Dismiss Plaintiff's Amended Verified Complaint and Memorandum of Law in Support Thereof (Dkt. 29) for Violation of Practice Standards [Docket No. 31] is **DENIED**.  It is further

**ORDERED** that defendant United States' Motion to Dismiss Plaintiff's Amended Verified Complaint [Docket No. 29] is **GRANTED in part and DENIED in part**.  It is further

---

[3] Although issues of subject matter jurisdiction are generally addressed as soon as possible, the Tenth Circuit has ruled that, "[e]ven when there is a question of subject-matter jurisdiction lurking in the case that may well have to be resolved with respect to other parties, a straightforward determination that the court lacks personal jurisdiction over a party may be appropriate." *Est. of Cummings by & through Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 800 (10th Cir. 2018).

ORDERED that all claims against defendant are **DISMISSED without prejudice**.

It is further

ORDERED that this case is closed.

DATED January 11, 2023.

                                      BY THE COURT:

                                      _____
                                      PHILIP A. BRIMMER
                                      Chief United States District Judge